## TEXAS & P. R. CO. v. BRYANT.

(Circuit Court of Appeals, Fifth Circuit. June 27, 1893.)

### No. 122.

1. RAILROAD COMPANIES—NEGLIGENCE — ACCIDENT AT CROSSING—SUFFICIENCY OF WHISTLE—TEXAS STATUTE.

The Texas law (2 Sayles' Civil St. art. 4232) provides that a whistle shall be blown by approaching locomotives at a distance of at least 80 rods from any place where a public road crosses the railway. *Held,*

that the sounding of the whistle at a greater distance than 80 rods, but within such distance that a person at the crossing, possessed of ordinarily good hearing, could have heard it, was a sufficient compliance with the statute.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff was traveling in a two-horse wagon, at a slow pace, towards a railway crossing, having his cap pulled down over his ears, and his overcoat collar turned up about them, to protect them from the cold. A hedge and houses were between him and that part of the track on which a locomotive was approaching, and, at about 40 rods from the crossing, another locomotive, with steam escaping, stood on the track. The Texas law (2 Sayles' Civil St. art. 4232) requires the locomotive whistle to be sounded at a distance of at least 80 rods from a grade crossing. *Held* erroneous to charge that the sounding of the whistle at a distance of more than 80 rods, so that a man of ordinarily good hearing, circumstanced as plaintiff was, would not have heard it, was not a compliance with the law. The charge should have been that the sounding of the whistle at a distance of at least 80 rods, and within such distance that a traveler of ordinarily good hearing, on the highway approaching the crossing, could well have heard it, would meet the requirements of the law, whether plaintiff actually heard it or not.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

At Law. Action by C. R. Bryant against the Texas & Pacific Railroad Company for negligence causing the injury of plaintiff. Judgment for plaintiff. Defendant brings error. Reversed.

T. J. Freeman, (P. B. Muse and F. C. Dillard, on the brief,) for plaintiff in error.

James G. Dudley, (C. Edmundson and Silas Hare, Jr., on the brief,) for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The defendant in error sued to recover damages for personal injuries received by coming in contact with a moving train on the railroad track of the plaintiff in error. The only negligence attempted to be proved against the plaintiff in error was the failure of plaintiff's servants to give the required signals of the train's approach to the crossing of the public road on which defendant in error was traveling. This public road crossed the plaintiff's track 222 yards from a way station on plaintiff's road, where its trains stop, this crossing being between said station and the moving train. The required signal is thus defined in the statute in force where this injury occurred:

"A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine and the whistle shall be blown, or the bell rung, at the distance of at least eighty rods from the place where the railroad shall cross any public road or street, and that such bell shall be kept ringing until it shall have crossed such public road or stopped, and each locomotive engine approaching a place where two lines of railway cross each other, shall, before reaching said railroad crossing, be brought to a full stop; and any engineer having charge of such engine, and neglecting to comply with any of the provisions of this act, shall be fined in any sum not less than five nor more than one hundred dollars for such neglect, and the cor-

poration operating such railroad shall be liable for all damages which shall be sustained by any person by reason of such neglect." 2 Sayles' Civil St. Tex. art. 4232.

The train was a regular train, running on time, and expected to arrive at the hour it did arrive at the station near which the collision occurred. There is no proof that it was running at an unusual or unlawful rate of speed. There is conclusive proof that it had signaled its approach to the station and the public road and street crossings near the station by one blast of a steam whistle, which was heard by many people in the depot and in the town, 700 feet further away than the point where the collision occurred. No question is made as to the sufficiency of the steam whistle, and on the trial the question as to the railroad company's negligence was reduced down to the inquiry whether the signal was given at a point too remote from the crossing. The defendant in error did not hear the signal at all; did not see the train until just before it struck him. It is not contended that the point where the signal was sounded was so near the crossing that the defendant in error could not have kept out of the way, or got out of the way, if he had heard it; there being no question as to the fact that the required steam whistle was blown to signal the approach of the train to the station, and immediately adjacent crossings, and that it was so blown at a point not so near the crossing that the party injured could not have availed of it, if he had heard it, and that it was so blown that many other persons, further away, heard it. The only ground on which the charge of negligence of the company's servants could be claimed, in this state of the proof, was that it was blown at a point so distant from the crossing that a person whose sense of hearing was ordinarily good, traveling in a wagon in the customary way, and exercising the care and caution that a man of ordinary prudence would exercise in approaching that railroad track at that point, might well have not heard it. There was proof tending to show that only one whistle was blown, and that it was one long blast of the whistle, customary to be given for stopping at way stations, and that this was given not further than 141 rods, or 2,334 feet, from the station, and not further than 101 rods, or 1,668 feet, from the crossing where the injury was received. In this state of the case and of the proof, the circuit court charged the jury:

"The defendant could give signal of its approach by either ringing the bell or blowing the whistle. The object of said whistle was to give a traveler on the highway notice of the approach of the engine. If the defendant saw fit to use the whistle as a signal, then such whistle must be sounded at a distance of, approximately, eighty rods from the crossing, and within such distance from it as to be heard by a man of ordinarily good hearing, traveling upon the highway as persons ordinarily travel, and if this was done the requirements of the law would have been met, though plaintiff may not have heard it."

And refused to charge, as requested by plaintiff in error:

"It was the duty of defendant's employes operating the engine which came in contact with plaintiff's wagon to give signal of its approach by either ringing the bell or blowing the whistle. If they use the latter signal, it was

their duty to sound the whistle at a distance at least eighty rods from the crossing. If they did sound the whistle at at least this distance, and within such distance that it could well have been heard by a man of ordinarily good hearing at the crossing, this would be a fulfillment of its duty, and in this event you will find for defendant. The law does not require that the whistle be sounded at exactly eighty rods. The object of the whistle is to protect a traveler on the highway, approaching the crossing, and if the whistle is sounded at a point of more than eighty rods from the crossing, but at such distance beyond that it could well have been heard at said crossing by a man of ordinarily good hearing, this would be a compliance with the law."

There was proof tending to show that the weather was cold, and that the defendant in error, a man 65 years old, had the collar of his overcoat turned up about his ears, and his cap pulled down over his ears, to protect them from the cold; that he was traveling in a two-horse wagon, at a slow pace, with a hedge and houses between him and that part of the track on which the train was approaching; that at the station, with its head towards the highway he was on, stood an engine, with steam up and escaping. In this state of the proof the circuit court charged the jury:

"If you believe from the evidence that the whistle was not blown at a distance of eighty rods beyond the crossing, but was blown at a distance greater than this, and a man of ordinarily good hearing, circumstanced as plaintiff was, would not have heard it, then find for the plaintiff, unless you believe from the evidence that he was guilty of contributory negligence."

And refused the plaintiff in error's request to charge:

"If the whistle blew at a distance of at least eighty rods before reaching the crossing, and within such distance from it that a traveler of ordinarily good hearing, on the highway approaching the crossing, could well have heard it, this would meet the requirements of the law, and it matters not that the plaintiff actually might not have heard it."

It is shown that the defendant in error received severe injuries, and it is conceded that, if the plaintiff in error is liable, the damages found by the jury are not excessive. The principles and rules applicable to the trial of such cases have been stated and discussed in so many reported cases that they are generally well understood, and concurred in, by the members of the legal profession, at the bar and on the bench,—so well understood and assented to that the citation of authority is now, in most cases, unnecessary. The institution, conduct, and frequent result of this kind of litigation has been such that many appellate courts and trial courts must have recognized the force with which it impresses on trial courts the duty of applying the law sharply in instructions to the jury, and while refraining carefully, as they must, from invading the province of the jury, to so charge the law that intelligent laymen on the jury cannot well err in applying it to the evidence, not only to avoid misleading the jury, but to guard them against going wrong by reason of their want of knowledge of the principles and rules applicable to the particular proof in the case on trial. The most correct statement of general principles and ordinary rules, applicable, in a general way, to the whole proof in a case on trial, is often not sufficient. It nearly always happens that many points necessary to be proved in a case either never were disputed, or are lifted out of real issue by the proof. As to the questions of law, parties well advised do

not often materially differ on most of these in a case. The attorneys and the trial judge understand this, and understand it so well that the trial judge may find it difficult to realize that the most intelligent uninstructed jury may have their view of the real issues greatly obscured by these matters of law and fact about which, at the close of the evidence, there is really no dispute. Therefore, it is the duty of the trial courts to bring these real issues clearly to the attention of the jury; and especially in those personal injury cases, where the liability rests, often, not on any issue as to the fact or extent of the injury, but on the proof of negligence on the part of the party sued, care should be taken to bring to a focus, on the real issue in the case, the light of instructions applicable to all the material evidence on that issue. In the case we are considering, if there was any evidence showing, or tending to show, negligence on the part of the plaintiff in error, it seems to us that it was due the plaintiff in error that the trial judge should have charged the jury substantially as requested in the two requests quoted above, and that the charges he did give did not sufficiently embody the requested charges. The danger against which the plaintiff in error wished to guard, and against which it was entitled to be guarded, was that the jury might conclude that, although near enough to be actually heard by many people further off than the defendant in error, yet, as the defendant in error did not hear it, and the whistle was actually blown at a distance considerably more than 80 rods from the crossing, such sounding of the whistle was not a compliance with the statutory rule, and the failure to comply was such negligence as made the company liable. The charge given not only does not sufficiently guard this point, but goes beyond the statute, in instructing that "such whistle must be sounded at a distance of, approximately, eighty rods from the crossing." If there had been any contention or question that the whistle was not sounded soon enough, or while the train was yet far enough away to give the traveler time to provide for his safety, the charge given would have been favorable to the plaintiff in error, and it could not, in that case, have complained. Such, however, was not the contention, and the charge given puts a more severe rule on the company than the statute or the reason of the case requires. The same or a kindred objection attaches to the giving of the other charge quoted, and the refusal of the requested charge. This charge of the court put on the company possibly at least a severer rule than the statute and reason imposes. One of the circumstances of the plaintiff below was that he had his overcoat collar turned up about his ears, and his cap pulled down over them. It is matter of common knowledge that such protection of the ears against the mid-winter air on the highways in the plains of north Texas does not aid the ear in catching even the sound of the whistle of a locomotive engine. In giving the charges and refusing the request specified, we consider the circuit court erred, to the injury of the plaintiff in error; and therefore the judgment of the circuit court is reversed, and the cause is remanded for a new trial.